The 4th District Appellant Court of the State of Illinois has now convened. The Honorable James A. Kinect presiding. This is 420-0439. That's the case number and it's Aaberg v. Aaberg. Would the attorney for the appellant please state your name for the record? Good afternoon, your honor. Jack Vealey for the appellant defendant in this case. Thank you. And would the counsel for Appellee please state your name for the record? I'm Jeff Sorensen for the Appellee Plaintiff, John Aaberg. Thank you. You may proceed with your argument. Thank you. May it please the court and counsel, good afternoon and happy holiday to you. Thank you. I would like to give you a little background on this case. It began back in 16 and I was not the original lawyer on it, but George Wood was representing the defendant here. And I think Mr. Sorensen has been the lawyer for the plaintiff throughout this case. So that gives you a little bit of the procedural history. Back in the trial court, when the case began and continued on, there were three main issues that I saw in the case and that were important. The first issue in the trial court was whether or not the land trust violated the rule against perpetuities. And to me, that was the big, big issue in the case in the beginning, and at least through the first appeal, your honor. The next issue was at the trial level, whether or not there can be a partition of a land trust. And as the court no doubt knows and real estate lawyers know, you can't partition a valid land trust. So the key, as far as the plaintiff was concerned in this case at trial level was the plaintiff had to prevail on the rule against perpetuities to wage a good attack on the land trust and partition the same. So in other words, if the plaintiff prevailed at trial court on the rule against perpetuities issue, he was no doubt going to prevail on the partition. That would be kind of a slam dunk. So the defendant had to vigorously defend against the rule against perpetuities at the trial level in order to prevent a partition by the trial court. Your honor, also at the trial level, there was an issue which I would say is a collateral issue. That was the issue of reimbursement for fees of maintenance of the building. This is a building out on Lake Bloomington and my client had spent a lot of money in maintaining it and doing repairs. So he filed a counterclaim at the trial level to recoup those fees. In the course of the proceedings, it was necessary in my opinion to file a petition to amend the counterclaim for fees, which the defendant did file. However, the court at trial and before did not allow the amendment. So on the issue of maintenance fees, we went to trial and the court did give us an award, but it was less than what we had anticipated. So after everything was ruled on at the trial level, and I think we went up on 304, I filed a notice of appeal to appeal those three issues. Now I will say to the court, in my opinion, the lion's share of the attorney's fees in this case from the defendant was really spent on the first two issues. That is to say the issue of the rule against perpetuities and the issue of whether or not there's going to be a partition. The case came up on appeal in number 4-19-0382 and we had oral argument roughly more than a year ago and the court took the case on appeal and the defendant won two out of the three issues. The defendant prevailed, your honor, on the rule against perpetuities because as this court probably realizes there is a savings statute which makes it very hard to violate today the rule against perpetuities. That having been won, then the appellate court also ruled that the trial court made a mistake and erred in terminating the land trust. However, on the third issue, the defendant lost. The appellate court affirmed the trial court in not allowing us to amend the counterclaim. So that gives you a background of how we're here on the case today. When the case was remanded, the defendant filed a petition for attorney's fees under the partition statute and we had a contested hearing on that. The defendant's total attorney's fees bill which would be Mr. Wood's and my bills combined totaled in the amount of $84,199.75. However, the trial court only granted the defendants a partial amount of attorney's fees in the sum of $13,605. So that resulted in the second appeal which is why we're here today, your honor. So to recap this thing, I think throughout the trial of this case and appeal of this case, the number one appeal, there were three major issues as I said. The perpetuities, the partition issues, and the reimbursement of fees for the upkeep of the premises in question. However, as I said earlier, the lion's share in my opinion and the record I think shows this is that more than two-thirds of the attorney's fees time for the defendant was spent on the first two issues, rule against perpetuities and partition. Now, I think the trial court was under the impression that we were only entitled as the prevailing party on the partition suit to attorney's fees on the partition suit only and denied the defendants fees on the issue of the rule perpetuities which was a collateral issue. However, as I noted earlier, the defense had to win the rule against perpetuities issue because if we lost that for the defense, the case was over. We were done and Mr. Sorensen would no doubt prevail on his partition as he did at the trial level. So to kind of Mr. Vealey, if you could hear us, you're frozen. Now you're back. Okay. As I said earlier, if you take two-thirds of our time which we have done times the total bill of $84,199.75, the defense would be entitled to a fee of about $56,000 and some change. I think that would be very generous to the plaintiff because I think less than one-third of our time was spent on the issues of reimbursement and amending the pleadings. That was a smaller issue. So I think at a minimum, the defendants would be entitled to about $56,000 here in this case in attorney's fees because as the plaintiff pointed out in his brief and I that the fact that the defendants were prudent to employ counsel with respect to the collateral issues does not bar apportionment of fees. So in other words, what Bailey is saying here and I agree with, I think it's good law that the fact that we had to vigorously defend the rule against perpetuities and incur a lot of fees doesn't mean we're not entitled to fees. Bailey, by the way, is a fourth district decision that came out of this court years ago. So under the rationale of Bailey, I believe that the defendant would be entitled to at least two-thirds of his time now. So I want to thank you again for having us argue. This is the first time I've ever been argued appellate court on zoom. So it's kind of a different feeling, but we, we do appreciate it. Thank you very much. Thank you, Mr. Bailey, Mr. Sorenson for the appellee. Thank you, your honor. May it please the court and counsel. I'm Jeff Sorenson for the appellee. Your honor. Uh, my comments are fairly short today. Um, the issues have certainly been, I think thoroughly briefed, uh, by the parties. Uh, we're asking that this court affirm the trial court's award of attorney's fees basically for three reasons. Uh, the first reason is that the defendant, um, did not present sufficient evidence and the trial court from which the trial court could have awarded more fees than the fees that were in fact awarded. The second basis is that the trial court properly refused to award fees for the declaratory judgment action, which is the rule against perpetuities issue where we tried to, uh, dissolve the land trust, uh, on the basis that it violated the rule against perpetuities. That was not part of the partition act. Uh, and I'll address the issue of, uh, of its relationship to the partition act in a few moments. And then the third issue is that, uh, we believe that the defendant, uh, forfeited his appeal by failing to cite relevant authorities and by failing most importantly to cite to the evidence submitted to the trial court on the fee petition. Uh, he has not cited the exhibits that were submitted, uh, the fee petitions that were introduced to evidence at the hearing on the fee petition. Uh, and that under Supreme court rule 3 41 H seven is a forfeiture of the issue. So on this record, your honors, we would argue and urge this court to find that the trial court, this court has no basis to determine that the trial court abused its discretion in awarding the amount of attorneys fees it did. Um, as we pointed out in our response brief, only one page of the statement of facts and the appellants opening brief is citation in the fee petition to the exhibits, the fee statements that were submitted to the, um, to the trial court. They're not appended to the brief as part of the appendix. Uh, Mr. Vili is doing to this court what he did to the trial court, which is he's throwing all of his fees in front of the court, uh, and asking this court to sort them out on his behalf, just as he asked the trial court to do. And that is not proper. And if he is claiming that the trial court abused its discretion and awarding only 13,600 and I believe $5 in legal fees, then he needs to point to the record of the fee statements that were admitted into evidence and where in those exhibits there is support for a higher fee award. And he has failed to do that. So for that reason, our first argument is that, um, Mr. Vili and his client have forfeited the issue. Uh, the second argument, uh, we want to present your honors is that, uh, Mr. Vili and his client did not present sufficient evidence in the trial court from which the trial court could have awarded more fees because these fee statements were block bills. Uh, they, they, we've identified in our response where he has made large block bills and we've cited authority for this court that large block billing does not support an award of attorney's fees. He has to be specific. And there are large time entries, both in the trial court and, uh, for work on the appeal where he simply said, work on brief or work on a single issue. And he's got multiple hours, uh, assigned to that. And it's impossible to determine from that time entry, whether the, uh, time entry relates to the counterclaim, uh, or the, uh, declaratory judgment action or the, uh, partition action. And that was one of the main reasons is the trial court identified in its order, why the trial court determined and awarded the amount of fees that it did. Uh, the third issue that I'd like to address, and it's the final issue is that the trial court properly refused to award, uh, legal fees for the declaratory judgment action, which was the argument that the land trust violated the rule against perpetuities and therefore should, uh, be terminated. Uh, and then the leasehold interest would fall to the individual, uh, beneficiaries of the land trust and there then be subject to the partition action. Um, your honors in this instance, and, and the trial court certainly found this persuasive. The, the partition action was not filed until after the declaratory judgment action was decided and determined. So in contrast to the Bailey case, where you have these issues that are going along in a parallel track and the court awarded, uh, fees for the collateral issue under the partition act, uh, because they were, they were riding on the same track. In this case, the, the, uh, declaratory judgment action, the rule against perpetuities issue was decided by the trial court before the, uh, partition action was filed. And it was only after the partition, I'm sorry, after the declaratory action was decided that the partition action was filed. And in fact, uh, Mr. Bailey sought a three or four, a finding of the court's ruling on the declaratory judgment action. And certainly I, I foolishly now in hindsight resisted that because if I had agreed to that and that issue had gone up on appeal at that time before we had filed the partition action and had been presumably undoubtedly it would have been, um, uh, reversed as this court did, uh, ultimately, uh, there would have been no right to attorney's fees under the partition act. So, uh, that was the basis for the trial court, uh, deciding not to award the legal fees incurred in the, uh, in the declaratory judgment action. But even if the, uh, the two claims had proceeded on the same track at the same time, the trial court would not have abused discretion in this instance in refusing to award legal fees for the declaratory judgment action because of the block billing nature of the work. The judge rejected all of George Wood's legal fees, um, rejected large sections of Mr. Bailey's, uh, legal fees on the basis that those fee statements contain block billing and without citation to those fee statements in his, um, appellate brief, appellant's brief, uh, Mr Bailey has waived those issues. So on this record, I'm sorry, someone, I apologize. Your honor. I thought there's a question. I coughed. I'm sorry. Uh, for those reasons, uh, we believe that the trial court's ruling was not an abuse of discretion and should be affirmed by this court. Thank you. Thank you. Council rebuttal. Mr Bailey. Yeah. Yes, sir. Your honor. Very briefly. Um, I would say in response to the, um, rule against perpetuities, the attorneys knew what was coming. In other words, uh, we knew that if we failed on the rule against perpetuities issue, then he was going to get his partition. That was just a slam dunk. So, uh, we had to defend the rule against perpetuities vigorously, or we would have lost everything. Now I do agree with council, uh, had we been allowed to do our three Oh four appeal early in the case at trial level on the rule against perpetuities only we wouldn't be sitting here today because then I wouldn't have been entitled any attorney's fees, but they took it a step further, uh, after he had his victory at trial level on the rule against perpetuities and filed his partition. Uh, so I think that's what triggers all the fees in this case, because we had to resist the rule against perpetuities and, uh, we did it correctly because of the saving statute, uh, were not for the saving statute on the rule against perpetuities. Uh, there was a good chance we would have lost. So, um, I'm thinking back to my days in law school when we studied rule against perpetuities, you know, a lot, but thanks to the saving statute, uh, we were victorious in the appellate court. Um, so I think that's all I have to say. I thank you once again for letting me argue the case and we appreciate your consideration. Thank you. Council. Are there any questions? I see none. We thank you for your presentations and we'll take the matter under advisement.